UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,  CR 08-212 (RHK/FLN)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

02 - Juan Carlos Mendoza-Sanchez,

    Defendant.

---

Christopher R. Wolfe, Assistant United States Attorney, for the Government.
Albert A. Garcia, Jr. for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 27, 2008 on Defendant's Motion to Dismiss [#46]. At the hearing, the Court received no evidence. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Defendant's Motion to Dismiss [#46] be **DENIED**.

I. **BACKGROUND**

On June 17, 2008, Defendant Mendoza-Sanchez was charged in a criminal complaint with conspiring to distribute methamphetamine and aiding and abetting the distribution of methamphetamine. The affidavit in support of the complaint alleges that on June 16, 2008, Mendoza-Sanchez, along with two other individuals, sold six ounces of methamphetamine to an undercover officer at a McDonalds in Windom, Minnesota. A grand jury brought a formal indictment against the Defendant on July 14, 2008.

II. **LEGAL ANALYSIS**

**Defendant's Motion to Dismiss [#46] Must be Denied.**

In this motion, the Defendant contends that the indictment should be dismissed because only hearsay evidence was presented to the grand jury. This argument must be rejected because the Eight Circuit has emphatically recognized that the constitution does not preclude the use of hearsay testimony in grand jury proceedings. *United States v. Rossbach*, 701 F.2d 713, 716 (8th Cir. 1983).

In an effort to dismiss the indictment under the Second Circuit's holding in *United States v. Esteppa*, 471 F.2d 1132, 1136 (2d Cir. 1983) (indictment was dismissed because the court found that the grand jury was mislead by the hearsay evidence presented to it), the Defendant also made a Motion for Disclosure of Grand Jury Transcripts [#51] to determine whether the presentation of hearsay evidence mislead the jury. The Court denied that motion because the Defendant failed to make a particularized showing of need for the transcripts. The Court therefore does not reach Defendant's contention that the indictment should be dismissed pursuant to *Esteppa*. Defendant's motion must be denied.

III. **RECOMMENDATION**

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss [#46] be **DENIED**.


DATED: August 28, 2008           *s/ Franklin L. Noel*
                                 FRANKLIN L. NOEL
                                 United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 17, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's

brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 17, 2008,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.